■ W. Oceanside Road, LLC, Appellant-Respondent, v Panorama Homes, Inc., Doing Business as Humidex Atlantic, et al., Respondents-Appellants. [21 NYS3d 149]—In an action, inter alia, to recover damages for breach of a commercial lease, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Murphy, J.), entered February 28, 2014, as denied its motion for summary judgment on the complaint, and the defendants cross-appeal, as limited by their notice of appeal and brief, from so much of the same order as denied that branch of their cross motion which was for summary judgment dismissing the fourth cause of action.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff, as landlord, and the defendant Panorama Homes, Inc., doing business as Humidex Atlantic, as tenant, entered into a five-year commercial lease agreement in 2006, which was to expire at the end of January 2011. The defendant Philip Konigsberg personally guaranteed the tenant's obligations under the lease.

The tenant had the option to extend the lease for an additional five-year term, and it is undisputed that the tenant continued to occupy the premises throughout 2011 and 2012.

Shortly after the tenant vacated the premises in early 2013, the landlord commenced this action to recover damages for breach of a commercial lease and related damages for breach of

contract, alleging, inter alia, that the tenant had agreed to lease the premises until January 31, 2016. The defendants, in their verified answer, specifically denied that allegation.

The landlord subsequently moved for summary judgment on the complaint. In support of its motion, it submitted the affidavit of its manager, Jack Lerner, who stated, in relevant part, that the tenant had "duly exercised the option to extend the Lease for an additional five year period to January 31, 2016." In opposition, however, the defendants submitted the affidavit of Konigsberg, who averred, in relevant part, that "no lease renewal was signed by me or anyone else on behalf of [the tenant]" and that the tenant continued to occupy the premises "with the status of a month to month tenant."

The Supreme Court correctly determined that unresolved issues of fact remained, inter alia, as to whether the tenant had exercised its option to renew the lease, or whether it continued to occupy the premises as a month-to-month tenant. Accordingly, the Supreme Court properly denied the landlord's motion for summary judgment (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The unresolved issues of fact regarding the alleged lease renewal also relate to the determination of whether Konigsberg is liable, as guarantor, under the lease. Therefore, that branch of the defendants' cross motion which was for summary judgment dismissing the fourth cause of action also was properly denied (*id.* at 853). Rivera, J.P., Dillon, Chambers and LaSalle, JJ., concur.